```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

-----------------------------------X
                                   :
UNITED STATES OF AMERICA           :
                                   :    NO. 3:08-CR-224 (EBB)
                                   :
           v.                      :
                                   :
JAMES McCARTHY and                 :
STAVROS M. GANIAS a/k/a            :
     STEVE GANIAS                  :
                                   :
-----------------------------------X
```

**RULING ON DEFENDANTS' MOTIONS TO SEVER**

Defendants James McCarthy ("McCarthy") and Stavros Ganias ("Ganias") have been charged in a five-count Superseding Indictment. The first count alleges a conspiracy between the defendants to obstruct the IRS in the collection of federal income taxes. Two other counts allege that McCarthy failed to properly pay personal federal income taxes. The final two counts, Counts Four and Five, allege that Ganias failed to properly pay personal federal income taxes. Both defendants have moved for an order severing Counts Four and Five of the Superseding indictment from Counts One, Two and Three for trial [docs. ## 102, 103]. Both motions seek severance pursuant to Rule 8(b) of the Federal Rules of Criminal Procedure, or, alternatively, pursuant to Rule 14. For the reasons set forth below, these motions are GRANTED.

1

**BACKGROUND**

Count One of the Superseding Indictment alleges that between on or about August 11, 1999 and on or about April 15, 2004, McCarthy and Ganias conspired to defraud the United States by obstructing the IRS in the ascertainment, computation, assessment and collection of federal income taxes. Specifically, the Superseding Indictment alleges that the objects of the conspiracy were: (a) to conceal the income received by American Boiler, Inc. ("AB"), a company of which McCarthy was a principal and for which Ganias was the accountant, to conceal the income received by McCarthy and to prevent the IRS from discovering and identifying income received by AB and McCarthy; (b) to prevent the ascertainment, computation, assessment and collection by the IRS of federal income tax due from AB and McCarthy; and (c) to divert the income of AB to the benefit of McCarthy, his family members and the Stavros M. Ganias Irrevocable Trust for which McCarthy was trustee.[1]

According to the Superseding Indictment, it was a part of the conspiracy that the defendants deposited payments they received on behalf of AB for services rendered by AB to the business checking account of Industrial Property Management,

---

[1] McCarthy states in his motion that the beneficiaries of the Stavros M. Ganias Irrevocable Trust are McCarthy's children.

Inc. ("IPM"), another company of which McCarthy was a principal and for which Ganias served as accountant.

In addition to the conspiracy alleged in Count One, Counts Two and Three of the Superseding Indictment allege that McCarthy failed to properly pay personal federal income taxes for calendar years 2002 and 2003.  The allegations regarding calendar year 2002 are lodged against McCarthy only and the allegations regarding calendar year 2003 are alleged against both defendants.  Counts Four and Five allege that Ganias failed to properly pay personal federal income taxes for calendar years 2002 and 2003 and are brought only against Ganias.

The Superseding Indictment alleges in Paragraph Nine that "[d]uring the years 1999 through 2003, GANIAS received substantial income from IPM, a significant portion of which he did not report on his federal income tax returns."  However, the only overt act in the Superseding Indictment referencing income received by Ganias is alleged to have occurred on or about September 4, 2001 in the amount of $3,200.  Ganias allegedly recorded the $3,200 payment on the IPM general ledger as a reduction in "Loan Payable – A.B." and included a notation that it was "[t]o pay for AB prep of 2000 Tax Return."  This notation was similar to notations referencing payments allegedly made to McCarthy and members of McCarthy's family.

3

As noted, this $3,200 payment was listed as an overt act in Count One of the Superseding Indictment. It was not, however, incorporated by reference into Counts Four or Five. Moreover, there is no allegation in the Superseding Indictment that this $3,200 payment in 2001 ought to have been reported in Ganias's 2002 or 2003 personal federal income tax returns.

## DISCUSSION

Both motions seek severance pursuant to Rule 8(b) of the Federal Rules of Criminal Procedure, or, alternatively, pursuant to Rule 14.

I. Rule 8(b)

Rule 8(b) provides that defendants may be indicted together "if they are alleged to have participated in the same act or transaction, or in the same series of acts and transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "Unless the standards set out in Rule 8(b) are met, a motion for severance should be granted even absent a showing of prejudice." United States v. Feyrer, 333 F.3d 110, 113 (2d Cir. 2003).

To determine whether severance is proper, the Court must determine whether "the alleged acts are 'unified by some substantial identity of facts or participants, or arise out of a common plan or scheme.'" Feyrer, 333 F.3d at 114 (quoting United States v. Attanasio, 870 F.2d 809, 815 (2d Cir. 1989)). "[J]oint trial on all pending charges serv[es] the purposes of

4

trial efficiency and economy of judicial resources that are reflected in Rule 8 and the preference in the federal courts for a joint trial of defendants who are jointly indicted." United States v. Stewart, 433 F.3d 273, 314 (2d Cir. 2006).

In sum, the answer to the question of whether joinder of defendants is proper should be made by determining whether "a reasonable person would easily recognize the common factual elements that permit joinder [of defendants under Rule 8(b)]." United States v. Turoff, 853 F.2d 1037, 1044 (2d Cir. 1988).

As discussed, Count One of the Superseding Indictment alleges a conspiracy between the defendants with three objects. All three objects of the conspiracy relate to the concealment of the income received by AB and McCarthy, the failure to pay taxes on that income and a scheme to divert the income of AB to the benefit of McCarthy and his family.  The Government neither alleges that Ganias's enrichment was an object of the conspiracy, nor does it allege that Ganias's alleged evasion of personal federal income taxes was an object of the conspiracy. Consequently, an examination of just the alleged objects of the conspiracy suggests that there is no connection between Count One and Counts Four and Five.[2]

---

[2] There also is no suggested connection between McCarthy's alleged failure to properly pay personal federal income taxes and Ganias's alleged failure to properly pay personal federal income taxes.

5

The Government points to two allegations in the Superseding Indictment to support joinder of Counts Four and Five with Count One, namely Paragraph Nine of the Superseding Indictment, which is the generalized allegation that Ganias received substantial income from IPM, a significant portion of which he did not report on his personal federal income tax returns, and the reference to a payment of $3,200 to Ganias from IPM in 2001 for completing AB's 2000 corporate tax returns.

Taking these items in turn, if Ganias did receive payments from IPM and failed to report that income on his personal tax returns for the relevant years, then that allegation is certainly related to Counts Four and Five. However, this allegation, while incorporated into Count One by reference, is seemingly irrelevant to the conspiracy itself. As stated, the Government does not allege that it was an object of the conspiracy for Ganias to be unjustly enriched or to evade paying personal federal income taxes. Consequently, there is no reason for the Government to prove in support of its conspiracy charge that Ganias did not pay owed personal federal income taxes on income received from IPM.

Likewise, the alleged payment of $3,200 from IPM to Ganias in 2001 for completing AB's 2000 corporate tax returns using a similar notation as those made in connection with payments to McCarthy and McCarthy's family is certainly relevant to the

6

conspiracy charge against the defendants, but it is not clearly related to Ganias's alleged personal tax evasion for calendar years 2002 and 2003.  There is no allegation that this $3,200 payment ought to have been recorded on Ganias's 2002 or 2003 personal federal income tax returns instead of his 2001 personal federal income tax return.

Because the Court does not "easily recognize the common factual elements" between the alleged conspiracy and Ganias's alleged failure to properly pay personal federal income taxes for calendar years 2002 and 2003, joinder is inappropriate under Rule 8(b).  Turoff, 853 F.2d at 1044.

II.  Rule 14

Because joinder is inappropriate under Rule 8(b) of the Federal Rules of Criminal Procedure, the Court need not determine whether joinder is appropriate under Rule 14.

### ORDER

For the foregoing reasons, the Court hereby GRANTS the motions to sever [docs. ## 102, 103].

SO ORDERED

_____/s/_____
ELLEN BREE BURNS
SENIOR U.S. DISTRICT JUDGE

Dated at New Haven, Connecticut this 19th day of May, 2010.