UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| United States of America, | : | Case No. 3:08CR224(EBB) |
| --- | --- | --- |
| Plaintiff | : | |
| v. | : | |
| Stavros Ganias, | : | |
| Defendant | : | May 11, 2011 |

**RULING ON DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL**

Following a sixteen day trial, the jury returned a verdict finding the defendant, Stavros Ganias ("Ganias"), guilty of counts four and five of the indictment, which charged him with evading personal income taxes due and owing to the United States Government for the years 2002 and 2003. Pending before the Court is Ganias' motion for a judgment of acquittal as to count five.[1] For the foregoing reasons, Ganias' motion is DENIED.

---

[1] At the end of the government's case-in-chief on March 24, 2011, Ganias, through his counsel, made an oral motion for acquittal as to both counts four and five. Pursuant to Fed. R. Crim. P. 29(c), the Court reserved decision on the motion. Ganias has now filed a written motion for acquittal challenging only the jury's verdict as to count five. Because Ganias has not briefed his challenge to count four, the Court considers this claim abandoned.

## II.  STANDARD

In the present case, Ganias challenges his conviction of tax evasion in the year 2003.  The standard of review for a motion for acquittal is well settled.  Rule 29 of the Federal Rules of Criminal Procedure provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."  The Court shall grant such a motion "if it concludes that no rational trier of fact could have found the defendant guilty beyond a reasonable doubt." United States v. Jackson, 335 F.3d 170, 180 (2d Cir. 2003).  Thus, a defendant making such a motion bears a "heavy burden." United States v. Abu-Jihaad, 630 F.3d 102, 135 (2d Cir. 2010) (quoting United States v. Desena, 287 F.3d 170, 177 (2d Cir. 2002)). A judgment of acquittal is only appropriate "if the evidence that the defendant committed the crime is non-existent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." United States v. Guadagna, 183 F.3d 122, 130 (2d Cir.1999) (citation omitted; internal quotation marks omitted). Accordingly, the court must give "full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact." United States v. Mariani, 725 F.2d 862, 865 (2d Cir.1984) (quoting Curley v. United States, 160 F.2d 229, 232-33 (D.C. Cir.), cert. denied, 331 U.S. 837

(1947)). All inferences must be resolved in favor of the prosecution, and the evidence must be viewed in a similarly favorable light. Id.

## II. DISCUSSION

The indictment charged Ganias with tax evasion.[2] Specifically, the indictment charged that, during calendar years 2002 (count four) and 2003 (count five), Ganias willfully attempted to evade and defeat a large part of the income tax due and owing by him and his spouse by filing with the Internal Revenue Service ("IRS") a false and fraudulent joint U.S. Individual Income Tax Return, Form 1040, in violation of 26 U.S.C. § 7201. The jury returned a verdict of guilty on both counts four and five of the indictment.

In order for the government to convict a defendant of willfully attempting to evade or defeat any tax, the Government must prove (1) willfulness, (2) the existence of a tax deficiency and (3) an affirmative act constituting an evasion or attempted evasion of the tax. Sansone v. United States, 380 U.S. 343, 351 (1965).

---

[2] Ganias was indicted together with another defendant, James McCarthy ("McCarthy"). Ganias is also charged in count one of the indictment, wherein he and McCarthy are accused of conspiracy to obstruct the IRS in the collection of federal income taxes. The Court, however, granted Ganias' motion to sever count one from counts four and five for the purposes of trial. Thus, Ganias was only tried on counts four and five.

3

Prior to the Court's jury charge, Ganias requested a jury instruction on the "good faith" defense to tax evasion. The Government did not object and the Court so instructed the jury.

The good faith defense is predicated upon the requirement that, in order to prove willfulness, the Government must establish "that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." Cheek v. United States, 498 U.S. 192, 201 (1991). Thus, when a defendant who is prosecuted for tax evasion claims he was ignorant of his duty to pay the tax that was allegedly evaded, the government has the burden of proving otherwise. Id., at 202 (proving willfulness requires negating a defendant's claim that he had a good faith belief that he was not violating any provisions of the tax laws). Put another way, when a defendant asserts a good faith belief that he was in compliance with the tax laws, the government must prove beyond a reasonable doubt that he did not hold such a belief.

In his motion for a judgment of acquittal, Ganias argues that the government did not prove willfulness, specifically because the Government did not prove beyond a reasonable doubt that Ganias was aware that he underreported his income and tax liability in 2003. As such, Ganias argues that the government failed to negate his good faith defense. The issue, therefore,

4

is whether the evidence that Ganias was aware that he underreported his income and tax liability in 2003 is "non-existent or so meager that no rational jury" could have so concluded.

Viewing the evidence in a light most favorable to the government, the jury could have found the following: Ganias has owned and operated his own tax preparation business since 1985. In this capacity he provided tax preparation and bookkeeping services to many small businesses in Connecticut. Prior to entering private practice, Ganias was a decorated and oft-promoted Revenue Agent for the IRS, a position which he held for fourteen years. As an IRS agent, he was responsible for auditing a number of large corporations as well as providing assistance to individual tax filers. As such, at the time of the charged conduct, Ganias possessed extensive experience in bookkeeping and tax preparation. He had specialized knowledge of the United States' system of taxation and he was particularly cognizant of the responsibility of citizens to accurately report income to the IRS and pay taxes upon such income. Despite Ganias' background, he grossly underreported his income and tax liability not only in 2002 and 2003, the charged years, but also in 1999, 2000 and 2001.

Ganias testified in his own defense and represented that, two days after Army CID executed a search warrant at his office

5

and made mirror images of his computer hard drives, he made corrective entries in his bookkeeping software, Quickbooks. Previously, Ganias had entered several payments from a major client of his, Industrial Property Management, as "owner's contributions." Payments entered as owner's contributions would not have appeared in a Quickbooks profit and loss statement as income. Ganias claims that he made the corrections in order to reclassify the payments in such a way that they would be included in his profit and loss statement. He alleges that, despite the corrections, when he used Quickbooks to determine his income and prepare his 2003 tax return, the payments still did not show up on his profit and loss statement. Ganias claims that this is because, even in making the corrections, he did not input the payments properly. Ganias asserts that he innocently relied upon the incorrect profit and loss statement to prepare and pay his taxes, which caused him to underreport his income and tax liability. As such, Ganias claims that he is entitled to a judgment of acquittal.

Ganias' claim that he innocently relied on an incorrect profit and loss statement is belied by the fact that, at the time of his charged conduct, he was hardly a neophyte with regard to the use of Quickbooks, bookkeeping principles generally, or the tax laws of the United States and the obligations of its citizens thereunder. There was certainly a

rational basis for the jury not to credit Ganias' assertion that he believed his profit and loss statement accurately reflected his income. Moreover, the government also introduced evidence demonstrating that Ganias underreported his income and tax liability not only in 2003, but also in 1999, 2000, 2001 and 2002. The government also introduced evidence demonstrating that Ganias had previously improperly recorded payments in Quickbooks in such a way that the payments did not show up as income. From this, the jury could reasonably conclude that Ganias' failure to report a significant amount of his income in 2003 was not a mistake but, rather, part of a larger pattern of willful evasion. United States v. Klausner, 80 F.3d 55, 63 (2d Cir. 1996) (pattern of understating or failing to report income may be considered evidence of willfulness). In sum, the evidence negating Ganias' good faith defense was neither "non-existent" nor "so meager that no reasonable jury could find guilt beyond a reasonable doubt."

### III. CONCLUSION

Viewing the evidence in its entirety, the Court concludes that a rational trier of fact could have found Ganias guilty beyond a reasonable doubt. For the aforementioned reasons, Ganias' motion for a judgment of acquittal is DENIED.[3]

---

[3] In his motion, Ganias states: "It is not to go unnoticed that at least one member of the jury had asked prior to jury

SO ORDERED this day of July, 2011 at New Haven, Connecticut.

                                                                                 /S/

                                                ELLEN BREE BURNS, SENIOR JUDGE

                                                UNITED STATES DISTRICT COURT

---

deliberation if the jury was restricted in the amount of time it could decide to return of verdict in this matter. It was evident that sentiment of the jury was to come to a hasty and quick verdict." This statement is apparently in reference to an incident that occurred after the close of evidence and final arguments, but prior to jury instructions, in which a juror asked a court staff member whether it would be wrong for the jury to return a verdict "right away."

    Ganias does not appear to raise this issue as a separate ground on which his motion for a judgment of acquittal, or any other form of relief for that matter, should be granted. Nonetheless, to the extent that Ganias seeks to imply that this incident ought to cast doubt upon the propriety of the jury's deliberations and verdict, it bears noting the Court made the attorneys for both parties aware of this issue as soon as the juror's statement came to the Court's attention. At the time, defense counsel stated that the juror's statement made him concerned that the jurors had been discussing the evidence prior to being instructed on the law. Because of the concerns voiced by defense counsel, the Court ordered the public cleared from the courtroom, placed the juror who made the statement on the witness stand and, per the agreement of both parties, made an inquiry into the nature of the juror's comment. The juror represented that no improper discussions had taken place amongst the jury panel and that, so far as she knew, the jury was not inclined to come back with a verdict within any particular time frame. The Court found the juror's representations credible and, as such, perceived no obstacle to moving forward. Defense counsel indicated his satisfaction with the questions the Court posed to the juror, as well as the juror's responses, and made no objection to moving forward.